**Jose Armando HERRERA–MARRO-QUIN, a/k/a Jose Armando Marroquin, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71168.

I & NS No. A71–637–616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided March 19, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

MEMORANDUM *

Jose Herrera–Marroquin, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) & 1253(h)(1994). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1994) [1], and we deny the petition for review.

Substantial evidence supports the BIA's finding that Herrera–Marroquin failed to establish either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). There is no evidence that he was ever specifically threatened or that he was ever otherwise persecuted in any way. Nor is there is evidence that Herrera–Marroquin has an objectively reasonable fear of future persecution. *See Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc). There is no compelling evidence in the record that the government or the guerrillas are aware of his political beliefs or that they would target him on his return. Thus, Herrera–Marroquin does not have a well-founded fear of future persecution.

Because Herrera–Marroquin failed to meet the lesser standard of proof required to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (1995).

PETITION FOR REVIEW DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over this petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1).